Andrew L. Leff, Esq., State Bar No. 125850
SPILE, LEFF & GOOR, LLP
16501 Ventura Boulevard, Suite 610
Encino, California 91436
Telephone Number:  (818) 784-6899
Facsimile Number:   (818) 784-0176

Attorneys for Defendants Jose Pastora and Theresa Mann

FILED & ENTERED

MAR 12 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY cargill     DEPUTY CLERK

## United States Bankruptcy Court

### Central District of California, Riverside Division

CHANGES MADE BY COURT

| | |
|---|---|
| DOUGLAS GOODMAN and LOUISE GOODMAN, | CASE NO. 6:16-BK-18182-MH |
| Debtors. | ADV: 6:16-ap-01277-MH |
| MARK REYNOSO and NATASHA REYNOSO, | CHAPTER 13 |
| Plaintiffs, | |
| Vs. | ORDER GRANTING MOTION OF CROSS-DEFENDANTS JOSE PASTORA & THERESA MANN TO DISMISS DOUGLAS AND ANN GOODMAN'S FIRST AMENDED THIRD PARTY COMPLAINT |
| DOUGHAS GOODMAN and ANN LOUISE GOODMAN, and DOES 1 through 10, inclusive, | |
| Defendants. | |
| DOUGLAS GOODMAN and ANNE LOUISE GOODMAN, | |
| Cross-Complainants, | |
| Vs. | |
| JOSE PASTORA, THERESA MANN AND ROES 1 THROUGH 50, | |
| Cross-Defendants | |

1      A hearing was held, on December 20, 2017, on Third Party Defendants Jose

2 Pastora and Theresa Mann's Motion to Dismiss the First Amended Third Party Complaint

3 of Douglas Goodman and Anne Goodman ("Motion").   Appearances were noted on the

4 record.  Based upon the findings and conclusions made at the hearing, and for the reasons

5 set forth in the attached tentative ruling, IT IS ORDERED that the Motion is GRANTED.

6

7                        **###**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 Date: March 12, 2018

28

Mark Houle
United States Bankruptcy Judge

ORDER GRANTING MOTION TO DISMISS CROSS-DEFENDANT JOSE PASTORA

# EXHIBIT "A"

**United States Bankruptcy Court**
**Central District of California**
Riverside
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

---

**Wednesday, December 20, 2017**                                    **Hearing Room    303**

---

2:00 PM
**6:16-18182    Douglas Edward Goodman**                                    **Chapter 13**
Adv#: 6:16-01277       Reynoso v. Goodman et al

   **#10.00**    Motion of Cross-Defendants Jose Pastora and Theresa Mann to Dismiss First
Amended Cross Complaint

Advanced From: 12/21/17

Also #11 & #12

EH__

Docket    54

**Tentative Ruling:**

12/21/17

**BACKGROUND**

On December 21, 2016, Mark & Natasha Reynoso ("Plaintiffs") filed a complaint to
determine non-dischargeability of debt pursuant to 11 U.S.C. § 523(a)(2)(A) against
Douglas & Anne Goodman ("Debtors"). On February 3, 2017, the complaint was
dismissed with leave to amend, and, on February 28, 2017, Plaintiffs filed an amended
complaint. On March 31, 2017, Debtors filed another motion to dismiss, which was
orally denied on May 4, 2017, although it does not appear that an order was ever
lodged by Plaintiffs.

On June 5, 2017, Debtors filed an answer ("Answer") and what was characterized as a
"cross-claim" against Jose Pastora ("Pastora") and Theresa Mann ("Mann"). On July
18, 2017, Mann & Pastora filed a motion to dismiss the "cross-complaint," and, on
September 25, 2017, the "cross-complaint" was dismissed with leave to amend. On
October 16, 2017, Debtors filed an amended "cross-complaint". On November 6,
2017, Pastora & Mann filed another motion to dismiss for failure to state a claim

---

**United States Bankruptcy Court**
**Central District of California**
Riverside
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

---

**Wednesday, December 20, 2017**                                    **Hearing Room    303**

2:00 PM
**CONT...    Douglas Edward Goodman**                                    Chapter 13

based on a variety of technical legal arguments. On December 6, 2017, Debtors filed
their opposition to the motion to dismiss.

The factual basis of the non-dischargeability complaint is as follows: on February 12,
2015, Plaintiffs purchased certain real property located in Upland, California from
Debtors. Mann and Remax Masters Realty worked as "dual agents" for Plaintiffs and
Debtors. Plaintiffs contend that Mann represented that the square footage of the real
property was 3,231 square feet, when in fact the actual square footage was only 2,713.
Plaintiffs contend that Debtors (or at least Ms. Goodman) ratified this representation.
Plaintiffs also allege that Ms. Goodman represented that a water leak in the bathroom
had been repaired, but that the leak was not repaired. Debtors contend that no
misrepresentations were made, and, alternatively, that if any misrepresentations were
made, those misstatements were only made by Mann or Pastora.

**DISCUSSION**

I.    *Motion to Dismiss*

Mann & Pastora make three arguments in their motion to dismiss: (1) that the
amended third-party complaint should be dismissed based on binding admissions of
Debtors; (2) that the amended complaint should be dismissed as a matter of state law;
and (3) that Pastora is not a proper third-party defendant.

Regarding the first argument, Mann & Pastora identify portions of Debtors' Answer to
the first amended complaint where Debtors generally denied Plaintiff's allegations,
including denying that any misrepresentations were made to Plaintiffs. Mann &
Pastora then provide the following analysis in their motion:

**United States Bankruptcy Court**
**Central District of California**
**Riverside**
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

**Wednesday, December 20, 2017**                                    **Hearing Room    303**

2:00 PM
CONT...         Douglas Edward Goodman                                    Chapter 13

¶¶¶ 8-10 cites what is **alleged** in the First Amended Complaint, but what a
plaintiff alleges are merely inadmissible allegations, but what a party alleges
are legally binding on said party. ¶¶¶¶ 11, 18, 28, and 35, claim that
GOODMAN never made any such misrepresentations. This does
establish wrongdoing by Cross-Defendants, as GOODMAN has admitted that
Plaintiffs do not have a case.

There are a variety of problems with the above line of argument. First, the analysis
provided by Mann & Pastora is nonsensical to the extent it can be comprehended.
Second, the argument of Mann & Pastora, that "[s]tatements made in any pleading,
[sic] are judicial admissions that bind the party making the admission throughout the
litigation," is overly broad. This is especially true given that the final sentence of
Mann & Pastora's analysis begins with: "[t]his does establish wrongdoing by Cross-
Defendants," a statement which, under the interpretation advanced by Mann &
Pastora, would appear to conclusively resolve the third-party complaint against them.

Apart from the serious drafting errors in the motion to dismiss, the argument is
fundamentally flawed for several reasons –most notably because the denials in
Debtors' answer are not admissions. An admission is defined as: "A statement in
which someone admits that something is true or that he or she has done something
wrong; any statement or assertion made by a party to a case and offered against that
party; an acknowledgment that facts are true." Black's Law Dictionary (10th ed.
2014). Here the alleged admissions in the answer do not admit the truth of a fact, do
not admit wrongdoing, and are not directed against the party making the statement. In
fact, the statements are quite the opposite of an admission – they are a denial.

To illustrate why an admission and a denial are different, the Court points to the
pertinent and thoughtful opinion on the matter in *In re Applin*, 108 B.R. 253, 258
(Bankr. E.D. Cal. 1989), which included the following:

Thus, the statement is no more than an argumentative assertion of a defense in

**United States Bankruptcy Court
Central District of California
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar**

Wednesday, December 20, 2017                                                Hearing Room    **303**

2:00 PM
CONT...        **Douglas Edward Goodman**                                    Chapter 13
          a paper that, taken in its context, has the tenor of merely announcing that the
          debtors intended to put the moving party to its proof. It was the equivalent of
          an inconsistent plea.

          Judicial admissions are not made upon ambiguous, 'assuming arguendo'
          comments by counsel and are not made upon inconsistent pleas.

          *See also id.* at n.7 (providing a clear description of judicial admissions).

          Finally, the Court notes that "[a] trial has discretion whether to accept a judicial
          admission." *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir.
          1997). If there remains any doubt whether the subject statements are a judicial
          admission, the Court notes that it, alternatively, exercises its discretion to not accept
          the statements as a judicial admission.

          Mann & Pastora's second argument is that the third-party complaint should be
          dismissed pursuant to California law, specifically Cal. Civ. Code § 1088. This
          argument lacks a valid legal basis because California law is not at issue in this
          proceeding. As noted above, Fed. R. Civ. P. Rule 14(a)(1) allows a defending party to
          bring a third-party complaint against "a nonparty who is or may be liable to it for all
          or part of the claim against it." There is no claim under California law against Debtors
          at this time, and, therefore, no claim under California law against Mann & Pastora at
          this time. Therefore, the elements and defenses that may arise under California law are
          irrelevant.

          The third argument is that Pastora should be dismissed from the action. Among other
          things, the arguments point out that the amended third-party complaint does not raise
          any allegations against Pastora, but, instead, merely states that Pastora was involved in
          the sale and worked with Mann. The amended third-party complaint appears to
          contend that because Pastora worked with Mann he is also responsible for any
          statements Mann made. Specifically, the amended third-party complaint states: "[t]
          hese representations, and any alleged misrepresentations, were made by MANN,

**United States Bankruptcy Court**
**Central District of California**
Riverside
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

---

**Wednesday, December 20, 2017**                                           **Hearing Room**    **303**

---

2:00 PM
**CONT...    Douglas Edward Goodman**                                       Chapter 13

Remax Masters Realty, and therefore PASTORA as well since PASTORA was also
working through Remax Masters Realty on this particular transaction."

To avoid dismissal under Fed. R. Civ. P. Rule 12(b)(6), a plaintiff must aver in the
complaint 'sufficient factual matter, accepted as true, to 'state a claim to relief that is
plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl.
Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It is axiomatic that a claim cannot be
plausible when it has no legal basis. A dismissal under Fed. R. Civ. P. Rule 12(b)(6)
may be based either on the lack of a cognizable legal theory or on the absence of
sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside
Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir.2008).

Here, the amended third-party complaint lacks a cognizable legal theory to support a
cause of action against Pastora. The assertions in the amended third-party complaint,
if taken as true, do not support a cause of action against Pastora. Therefore, the Court
is inclined to dismiss Pastora from the action.

*II.    Jurisdictional Issues*

Additionally, the Court notes that there are significant, complicated jurisdictional
concerns related to this "cross-complaint." As will be outlined below, the case law on
the issue is sparse and does not directly resolve the issue.

As a preliminary matter, Plaintiffs complaint against Debtor was filed under 11 U.S.C.
§ 523(a)(2)(A) states:

   (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title
       does not discharge an individual debtor from any debt –

          (2) for money, property, services, or an extension, renewal, or

---

**United States Bankruptcy Court**
**Central District of California**
Riverside
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

Wednesday, December 20, 2017                                    Hearing Room      303

2:00 PM
CONT...      **Douglas Edward Goodman**                                    Chapter 13
refinancing of credit, to the extent obtained by –

(A) false pretenses, a false representation, or actual fraud, other
than a statement respecting the debtor's or an insider's financial
condition;

Therefore, Plaintiffs are requesting that the Court determine that their claim against
Debtors is excepted from Debtor's discharge, if a discharge is received by Debtors,
because their claim falls under the above exception. Additionally, Plaintiffs appear to
be requesting a money judgment against Debtors.[1] The Court notes that while there is
a split in authority regarding a bankruptcy's jurisdiction to enter a money judgment in
a non-dischageability proceeding, within the Ninth Circuit that question is answered
in the affirmative. *See In re Kennedy*, 108 F.3d 1015 (9th Cir. 1997). *But see* 4
Collier's on Bankruptcy ¶ 523.32 (16th 3d. 2009) ("Courts are divided as to whether
the bankruptcy court has subject matter jurisdiction to enter a money judgment in a
nondischargeability determination."). The Ninth Circuit has been persuaded that the
determination of dischargeability and the fixing of the amount of the non-
dischargeable debt are inseparable functions. *See id.* at 1017-18 (*quoting In re Devitt*,
126 B.R. 212, 215 (Bankr. D. Md. 1991) ("If it is acknowledge as beyond question
that a complaint to determine dischargeability of a debt is exclusively within the
equitable jurisdiction of the bankruptcy court, then it must follow that the bankruptcy
court may also render a money judgment in an amount certain without the assistance
of a jury. This is true not merely because equitable jurisdiction attaches to the entire
cause of action but more importantly because it is impossible to separate the
determination of dischargeability function from the function of fixing the amount of
the non-dischargeable debt.").

As a second preliminary matter, the "cross-complaint" at issue here is not a cross-
complaint. The Federal Rules of Civil Procedure, unlike the California Code of Civil
Procedure, explicitly distinguishes between counter-claims (FRCP 13(a)-(e)), cross-
claims (FRCP 13(g)), and third-party complaints (FRCP 14(a)). *But see* Cal. Code.
Civ. P. § 428.10 (referring to them all as "cross-claims"). Fed. R. Civ. P. Rules 13 and
14 are applicable in adversary proceedings. *See* Fed. R. Bankr. P. Rule 7013-7014.
The "cross-complaint" at issue here is actually a third-party complaint. Fed. R. Civ. P.
Rule 14(a)(1) states:

**United States Bankruptcy Court**
**Central District of California**
Riverside
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

**Wednesday, December 20, 2017**                                    **Hearing Room**    **303**

___

2:00 PM
**CONT...**      Douglas Edward Goodman                                          Chapter 13

A defending party may, as third-party plaintiff, serve a summons and
complaint on a nonparty who is or may liable to it for all or part of the claim
against it. But the third-party plaintiff must, by motion, obtain the court's leave
if it files the third-party complaint more than 14 days after serving its original
answer.

The concept of a third-party complaint in a non-dischargeability proceeding raises
immediate issues. First and foremost, that part of Plaintiffs' complaint that requests
that their claim be excepted from Debtor's discharge is clearly not the appropriate
subject for a third-party complaint. *See, e.g., In re Narumanchi*, 221 B.R. 311, 315 n.9
(Bankr. D. Conn. 1998) ("Indeed the Court questions whether an entity could ever be
secondarily liable to a bankruptcy debtor in connection with a determination of the
dischargeability of a debt, given that pure dischargeability actions are declaratory in
nature."). Furthermore, it is unclear if this Court has jurisdiction to consider the third-
party complaint even where the non-dischageability complaint also seeks a money
judgment.

There appear to be only three cases that cite Fed. R. Bankr. P. Rule 7014 in the
context of a non-dischargeability proceeding. In the first, *In re Narumanchi*, 221 B.R.
311 (Bankr. D. Conn.), the bankruptcy court abstained from hearing that part of the
non-dischargeability complaint which requested a money judgment, limiting its
review to the dischargeability of the debt. The bankruptcy court then, *sua sponte*,
dismissed the third-party complaint as improper. In the second, *In re McCarter*, 289
B.R. 759 (Bankr. D.N.M. 2002), the bankruptcy court noted that the debtors had
received a discharge and their Chapter 7 case had been fully administered. The
bankruptcy court then reasoned that it either could not or would not exercise
jurisdiction to hear the request for a money judgment, and consequently dismissed the
third-party complaint as improper. And, in the third, *In re Pompa*, 2013 WL 2286080
(Bankr. W.D. Pa. 2013), the bankruptcy court noted that the non-dischargeability
complaint did not include a request for a money judgment, and it dismissed the third-
party complaint as improper. None of these three cases clearly resolves the issue here,
and the jurisdictional question requires a more nuanced analysis.

A return to the nature of the non-dischargeability complaint and the third-party
complaint is necessary to more thoroughly articulate the jurisdictional issues. The

___

**United States Bankruptcy Court**
**Central District of California**
Riverside
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

**Wednesday, December 20, 2017**                                    **Hearing Room    303**

2:00 PM
**CONT...    Douglas Edward Goodman**                                    **Chapter 13**
non-dischargeability complaint was filed pursuant to § 523(a)(2)(A), and the elements
of that provision are well established: (1) the debtor made a false representation to
deceive the creditor; (2) the creditor relief on the misrepresentation; (3) the reliance
was justified; and (4) the plaintiff sustained a loss as a result of the misrepresentation.
*See, e.g., In re White*, 550 B.R. 615, 620 (Bankr. N.D. Ga. 2016).

Therefore, in the absence of a false representation attributable to Debtors, the non-
dischargeability complaint would not be successful, and there would no need for a
third-party complaint. If there is a false representation attributable to Debtors, the
implication would be that Debtors could be characterized as intentional tortfeasors.
*See* 4 Collier's on Bankruptcy ¶ 523.08[1][d] (16th ed. 2016) ("The frauds included in
the portion of section 523(a)(2)(A) under discussion are those that in fact involve
moral turpitude or intentional wrong; fraud implied in law, which may be established
without imputation or immorality, is insufficient."). This raises an additional issue
because "third-party complaints for indemnification routinely are dismissed where the
defendant/third-party plaintiff may be liable on the primary complaint only if he or she
is an intentional wrongdoer." *In re Pompa* at *4 (*citing United Orient Bank, et. al. v.
Green*, 207 B.R. 762 (S.D.N.Y. 1997)). In California, however, comparative equitable
indemnification is permitted, at least in some circumstances, among joint intentional
tortfeasors. *See In re First Alliance Mortg. Co.*, 471 F.3d 977 (9th Cir. 2006); *State
Compensation Ins. Fund v. Drobot*, 2015 WL 12712320 (C.D. Cal. 2015); *Baird v.
Jones*, 21 Cal. App.4th 684 (Cal. Ct. App. 1993).

California's allowance of comparative equitable indemnification in the context of
joint intentional tortfeasors does not, however, definitely resolve the jurisdictional
question. As discussed above, the Ninth Circuit has recognized a bankruptcy court's
jurisdiction to enter a money judgment on a state law claim in conjunction with a non-
dischargeability proceeding, but the legal basis for that jurisdiction is somewhat
unclear. *In re Kennedy*, 108 F.3d 1015 (9th Cir. 1997) (primarily focusing on practical
concerns); *see also* 4 Collier's on Bankruptcy ¶ 523.32 (16th ed. 2009) (outlining the
conflicting opinions on a bankruptcy court's jurisdiction to enter a money judgment).
While liquidating the amount of Plaintiffs' claim may be necessary in the non-
dischargeability proceeding, determining the liability of Mann & Pastora, and
assigning comparative fault appear to go beyond the scope of a typical non-
dischargeability proceeding. A determination of the latter issues would require the
Court to hold a trial on the interactions between two non-debtor parties (Plaintiffs and
Mann), and to review the statements made by a non-debtor party, when only the
statements of the Debtors are clearly relevant in a non-dischargeability proceeding.

# United States Bankruptcy Court
## Central District of California
### Riverside
#### Judge Mark Houle, Presiding
#### Courtroom 303 Calendar

**Wednesday, December 20, 2017**                    Hearing Room    **303**

**2:00 PM**
**CONT...    Douglas Edward Goodman**                    Chapter 13

The pragmatic considerations that have been referenced in decisions affording bankruptcy courts jurisdiction to enter a money judgment in a non-dischargeability proceeding do not appear to be present here.

More importantly, however, while Plaintiffs have requested a money judgment in their first amended complaint, they do not appear to have provided any legal basis for their request – i.e. there is no state law basis to enter a money judgment. 11 U.S.C. § 523(a)(2) is not a basis to enter a money judgment; the plain language of the statute provides that it is a basis for finding a debt to be non-dischargeable. If Plaintiffs want a money judgment, they need to provide a non-bankruptcy law basis for their request.[2] Without that basis, it is impossible to determine what comparative equitable indemnification laws apply (or, as identified above, what state law affirmative defenses may apply), and, therefore, whether the third-party complaint is legally permissible.

Because Plaintiffs' amended complaint only contains a cause of action pursuant to 11 U.S.C. § 523(a)(2)(A), it would appear that there is no legal basis for a money judgment to be entered in the non-dischargeability complaint. Because there appears to be no legal basis for a money judgment to be entered in the non-dischargeability complaint, it would appear that the third-party complaint is improper.

## TENTATIVE RULING

The Court is inclined to GRANT the motion to the extent the motion seeks to have Pastora dismissed from the action and DENY the motion otherwise. In connection with any future motion to dismiss, parties to include briefing on the jurisdictional and procedural issues raised in this tentative ruling.

APPEARANCES REQUIRED.

| Party Information |
| --- |